**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SANTOS R. VASQUEZ, | ) | CASE NO. 3:11-cv-0177 |
| PLAINTIFF, | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| DEFENDANT. | ) | **ORDER** |

On June 24, 2012, Plaintiff Santos Vasquez ("Vasquez"), through counsel Kirk B. Roose ("Roose"), filed a Motion for Reconsideration of this Court's previous order granting in part and denying in part his motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF Nos. 27 & 28.) The Commissioner of Social Security ("Commissioner") filed a response to Vasquez's motion for reconsideration on July 2, 2012. (ECF No. 29.) On July 16, 2012, Vasquez filed a Motion for Leave To File Sur-Reply with a Supplemental Application. (ECF No. 30.) The Commissioner responded. (ECF No. 31.) On August 3, 2012, Vasquez filed a Motion for Leave to File a Reply to Defendant's Reply. (ECF No. 32.) The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 15.) For the reasons set forth below, Vasquez's Motion for Reconsideration (ECF No. 28) is GRANTED in part and DENIED in part.

### I. Procedural History

After the parties filed their respective briefs, on February 1, 2012, this Court vacated the final decision of the Commissioner and ordered a remand for further proceedings. (ECF Nos. 22 & 23.) Vasquez filed a motion for attorney fees pursuant to the EAJA requesting fees in the

amount of $5,162.11.[1] (ECF Nos. 24 & 26.) The Commissioner disputed that Vasquez is an eligible and prevailing party, as the Commissioner argued that his litigation position was substantially justified. (ECF No. 25 at 3.) The Court, however, disagreed. (ECF No. 27 at 2-3.) The Commissioner next argued that Vasquez failed to set forth sufficient evidence justifying a departure from the statutory cap of $125 per hour because attorney Roose submitted nothing more than a reference to the Consumer Price Index ("CPI"). (ECF No. 25 at 4-8.) Based upon the Sixth Circuit's decision in *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), this Court agreed with the Commissioner and awarded attorney fees at the required $125 per hour rate. The Court, however, indicated that it would entertain a motion for reconsideration if it was accompanied by evidentiary materials in compliance with the *Bryant* decision. (ECF No. 27 at 7.)

## II. Law and Analysis

### A. Evidence Supporting an Increase in the EAJA Fee Award

When a prevailing party requests an EAJA award in excess of the $125.00 per hour statutory cap, it is the Plaintiff who bears the burden of producing appropriate evidence to support the requested increase. *Bryant*, 578 F.3d at 450 (finding that submission of only the Department of Labor's Consumer Price Index "is not enough.") Attorney Roose submitted the following evidentiary materials in the motion for reconsideration and motion for leave to file supplemental authorities, which he believes justifies an upwards departure from the statutory cap:

- From the National Law Journal and ALM Legal Intelligence, a report entitled "The Survey of Law Office Economics, 2011 Edition," indicating that the expenses in law firms in 1996 was $115,772 and increased to $169,228 by 2010 – a 46% increase. Comparatively, the CPI in the same span of years increased 41%. (ECF No. 28-1 at 10).

- Also from the aforementioned report entitled "The Survey of Law Office Economics, 2011 Edition," a chart indicating that attorneys with 11 to 15 years experience in Administrative law have a median standard hourly billing rate of

---

[1] This sum included $4,930.11 for 27.3 of attorney fees performed by Roose and attorney Eric Schnaufer at a rate of $180.59. *Id*. It also included $196.00 for 4.9 hours of work performed by Roose's assistant at a rate of $40 per hour, as well as $36 in expenses. *Id*.

2

> $280.^2$ (ECF No. 28-1 at 24.)

- From the United States Department of Labor, Bureau of Labor Statistics, computer screen printouts from the Bureau's website, indicating that the median hourly wages of a file clerk ("Job No. 43-4071") rose from $8.38 to $12.33 during the period 1999 through May, 2011 – a 47% increase. (ECF No. 28-2 at 3, 5.)

- From the Bureau of Labor Statistics Data, Consumer Price Index – All Urban Consumers, dated June 24, 2012, showing that the price of legal services increased 92% from March of 1996 through 2011. (ECF No. 28-3.)

The Commissioner asserts that the evidentiary materials presented are insufficient because they refer to very broad categories of attorneys, and do not show that the requested rate comports with those requested by social security disability attorneys in the community. (ECF No. 29 at 2-3.) The Commissioner also asserts that a number of social security attorneys routinely request only the $125 rate when EAJA fees are sought. *Id.* at 3.

The Court finds that Vasquez's additional evidence is sufficient to support a cost-of-living increase, as it demonstrates that: (1) increases in law firm expenses in the relevant time frame have outpaced cost-of-living increases, and (2) that the requested fee is less than or equal to both the average and median rates with respect to administrative law practice. In *Zellner v. Astrue*, 2012 U.S. Dist. LEXIS 11560 at *9 (S.D. Ohio, Jan. 31, 2012), the Southern District Court of Ohio found that "[a tear sheet], source unknown," was adequate, albeit barely, which indicated that "an attorney who practices in downtown Cincinnati, apparently irrespective of the number of years in practice, the rate was $213.00." Nonetheless, the *Zellner* court indicated that:

> More helpful to the Court, and in the future what we will require to comport with *Bryant*, will be affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate. Most preferable would be the results of a fee survey

---

² Although not filed with the Court in this case, in *Jaworski v. Comm'r of Soc. Sec.*, 1:10-cv-02936, attorney Roose submitted a report entitled "The Economics of Law Practice in Ohio, Desktop Reference for 2010," from the Ohio State Bar Association indicating that the average hourly billing rate of attorneys in the greater Cleveland area in 2010 was $239, while the median rate was $210. (ECF. No. 28-3, Exh. 23.) The report also indicates that in the field of administrative law, the average hourly billing rate in Ohio in 2010 was $203, while the median rate was $180. *Id.* at Exh. 24. This same report was also filed in *Rodriguez v. Astrue*, 3:11-cv-00398. (ECF No. 28-1.)

3

> conducted by a state or local bar association committee comprised of lawyers in the social security area of practice.

2012 U.S. Dist. LEXIS 11560 at *9-10.

This Court, while agreeing that the type of information indicated in *Zellner* would be preferable, declines to impose such a requirement, as no ruling of the Sixth Circuit requires the Court to accept only such specific evidence. In fact, it bears noting that the party who has the information to ascertain the average rate paid in EAJA fees in social security disability cases is the Commissioner. Furthermore, a number of other district court decisions have also approved rate request increases absent the kind of information sought by the *Zellner* decision. *See, e.g., Grady v. Astrue*, 2012 U.S. Dist. LEXIS 18423 at *9-10 (S.D. Ohio Feb. 14, 2012); *Rodriguez v. Astrue*, 3:11-cv-00398 (N.D. Ohio, Aug. 1, 2012) (noting that "the practices of administrative law, public benefits law, and worker's compensation law are similar to the practice of Social Security disability benefits law"). Therefore, the Court finds that Vasquez has sufficiently demonstrated that an upward departure from the statutory cap is appropriate.

**B.      Use of National "U.S. City Average" CPI versus "Midwest" CPI**

Attorney Roose requests an hourly rate of $180.59 based on the "U.S. City Average" of the All Urban Consumers CPI ("CPI-U') for "All Items" (hereinafter U.S. City Average CPI).[3] The Court, however, must review Vasquez's application to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

---

[3] Roose utilizes March 1996 as the starting date in his calculation when Congress raised the EAJA cap to $125. The index for March of 1996 was 155.7. (Series Id: CUUR0000SA0.) Utilizing the same CPI, the annual index for all of 2011 when most of the services were performed was 224.939. *Id*. Thus, $180.59 hourly rate figure is an accurate calculation using the U.S. City Average CPI. The above CPI-U figures are from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov

4

This Court has previously held that the "Midwest Urban" CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis." *Killings v. Comm'r of the SSA*, 2009 U.S. Dist. LEXIS 108524 (N.D. Ohio, Oct. 8, 2009). The Court believes this finding is consistent with the *Bryant* decision, which observed that requested fee rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d 443, 450 (6th Cir. 2009) (*quoting Blum v. Stenson*, 465 U.S. 886, 894 n. 11 (1984)); *see also Ralston v. Astrue*, 2011 U.S. Dist. LEXIS 153167 at **14-15 (E.D. Mich. Aug. 30, 2011) (finding that the relevant market for calculating attorneys fees for a court sitting in the eastern District of Michigan is the Detroit market and utilizing the U.S. Department of Labor's CPI-U for the Detroit-Ann Arbor-Flint area); *Rodriguez v. Astrue*, 3:11-cv-00398 (N.D. Ohio, July 16, 2012) (finding the Midwest CPI more appropriate than the U.S. City Average CPI).

Utilizing the "Midwest Urban" CPI for "All Items" for "All Urban Consumers," the index for March of 1996 was 151.7.[4] (Series Id: CUUR0200SA0, CUUS0200SA0.) The annual index for all of 2011 was 214.743. *Id.* Given these figures, the appropriate hourly rate, using $125 as a base, would be $176.95.[5]

**C.     Hours Requested in the Original EAJA Application and the Reply**

In its original decision, this Court awarded Vasquez $3,412.50 for 27.3 hours of legal work at the $125 hourly rate, $196.00 for the services of Roose's appellate assistant, and $36.00 for copying expenses – an aggregate sum of $3,644.50. (ECF No. 27.) Since the Court has determined the appropriate hourly rate for the 27.3 hours of legal work should have been $176.95, the Court hereby awards an additional sum of $1,418.24.[6]

---

[4] The above figures are also from the web page of the Bureau of Labor Statistics and are also not seasonally adjusted, http://data.bls.gov

[5] 151.7 is to 214.743, as $125 is to x, resulting in x equaling $176.95.

[6] At the rate of $176.95, 27.3 hours of legal work results in an award of $4,830.74. Because Vasquez was awarded $3,412.50 in this Court's previous order, an award comprised of the difference of these sums – $1,418.24 – is appropriate.

5

**D.    Supplemental Fee Requests Associated with Motion for Reconsideration and Motion for Leave to File Supplemental Authorities**

Vasquez requests an award of $1,408.60 for 7.8 hours of legal work expended in association with the motion for reconsideration.[7] (ECF No. 28 at 14-15.) In addition, Vasquez requests fees in the amount of $614.00 (3.4 hours) for preparation and filing Plaintiff's Motion for Leave to File Supplemental Authorities and Supplemental EAJA Application (ECF No. 30 at 2) as well as $180.59 (1 hour) for preparation and filing Plaintiff's Motion for Leave to File Reply to Defendant's Amended Response.[8] (ECF No. 32.) The Court finds that these latter filings were superfluous, and, as such, leave is DENIED. Therefore, Vasquez's concomitant request for an additional 4.4 hours of attorney fees is also denied.

Turning to the hours expended in association with the motion for reconsideration, the Commissioner argues that the supplemental fee request is excessive because an additional 7.8 hours was unreasonable given that Roose "already wrote a very similar motion in another case." (ECF No. 29 at 4.) He also argues that the motion was only necessary because Roose refused to negotiate the hourly rate. *Id.* Notably, Vasquez asserts that the Commissioner refused to budge off the $125 rate and gave no indication what evidence it would accept to justify a rate increase. (ECF No. 30-1 at 3.) While the Court declines to speculate as to which party, if any, shoulders the blame for what both sides portray as a futile exercise, the Court is of the opinion that the

---

[7] This Court has previously noted that "[m]otions for reconsideration are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.'" *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995) (citations omitted); *accord Wells Fargo Bank v. Daniels*, No. 1:05-CV-2573, 2007 U.S. Dist. LEXIS 80694 at *3 (N.D. Ohio, Oct. 22, 2007). Given the unique circumstances of this matter, the Court permitted Vasquez to file a motion for reconsideration for the limited purpose of submitting evidentiary support for his position in compliance with the *Bryant* decision. (ECF No. 28.) The Court did not invite additional legal arguments or ask the parties to rehash other issues already decided.

[8] The Commissioner's Amended Response (ECF No. 31) is identical to its previous response except that it omits one sentence concerning his description of negotiations. As the Court finds the characterization of the negotiations to be immaterial to the resolution of the motion for reconsideration – and because the Commissioner did not seek leave to file its Amended Response – the Court will not consider it.

parties' negotiating positions are not relevant to the issue of the reasonableness of the fees requested.

The additional time expended by Vasquez in filing a motion for reconsideration would have been unnecessary had he complied with his "burden of producing appropriate evidence to support the requested increase" in his initial application. *Bryant*, 578 F.3d at 443. Furthermore, while the Court, in the interest of fairness, permitted Vasquez to file a motion for reconsideration accompanied by supporting evidentiary materials to cure the deficiency in the original application, it did not invite additional briefing on other legal issues already decided. The Commissioner's argument that some of the hours expended on the motion for reconsideration are redundant is not entirely without merit. Attorney Roose had a substantially similar application pending before this Court in *Jaworski v. Comm'r of Soc. Sec.*, 1:10cv2936. Roose therein requested and was awarded 13.95 hours for compiling the motion for reconsideration. The existing application for 7.8 hours constitutes a 6.15 hour reduction from the *Jaworski* request. Given the strong similarity in the petitions, the Court finds that no more than four hours was reasonably expended on the motion for reconsideration. Because of the repetitive nature of fee applications, the Court expects that the number of hours expended on such applications will be even less in the future. Awarding fees for fee applications is troubling as the amount can be a significant portion of the total EAJA award. Yet the Commissioner is not blameless in this dilemma. The attorneys are hereby again encouraged to resolve this issue amicably. The Court finds that four hours of additional legal work was reasonable and should be compensated at the hourly rate of $176.95 for a sum of $707.80.

**E. Payment**

In the instant matter, Roose attached an agreement which shows that on January 16, 2008, Vasquez consented to have all EAJA fees paid to counsel. (ECF No. 24-7, Exh. G.) Attorney Roose does not object to payment being made in the "usual fashion." (ECF No. 26 at 12.) The supplemental fee award called for herein, together with the fee award set forth in this Court's order issued June 11, 2012, shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Vasquez in this matter pursuant to the

EAJA. Any fees paid belong to Vasquez – not his attorney – and can be offset to satisfy preexisting debt that he may owe the United States in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). If, after entry of this award, Defendant's counsel can verify that Vasquez does not owe pre-existing debt subject to offset, Defendant shall direct that the award be made payable to Vasquez's attorney pursuant to the EAJA assignment.

### III. Conclusion

Vasquez's Motion for Reconsideration (ECF No. 28) is GRANTED in part and DENIED in part. Vasquez is hereby awarded an additional sum of $1,418.24 for 27.3 hours of legal work requested in the original EAJA application and the reply. Also, the Court hereby awards $707.80 for four hours of attorney fees associated with the motion for reconsideration. All told, in this Order, Vasquez is awarded an aggregate sum of $2,126.04. This award is supplemental and in addition to the award this Court made in its previous order of June 11, 2012. (ECF No. 27.)

IT IS SO ORDERED.

                                              s/ Greg White
                                              United States Magistrate Judge

Dated: August 22, 2012